## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KINSALE INSURANCE COMPANY,
*an Arkansas corporation*,

      Plaintiff,

      v.

TRUCKING & CONTRACTING SERVICES, LLC, *a New Mexico limited liability company*,
JUAN CARLOS GAMBOA LEYVA, *an individual*,

      Defendants.

No. 2:25-cv-00799-KWR-GBW

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT LEYVA'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendant Juan Carlos Gamboa Leyva's

Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 6). In this declaratory action,

Defendant Leyva contends that the Court cannot consider Plaintiff's duty-to-defend and duty-to-

indemnify claims because the parties are not diverse and the matter is not ripe for adjudication.

Alternatively, Defendant Leyva argues that the Court should abstain from the matter until the

underlying proceeding is resolved.

Having reviewed the parties' pleadings, briefing, exhibits, and the relevant law, the Court

finds that the motion is not well-taken and, therefore, is **DENIED**.

### BACKGROUND

This declaratory action involves the narrow issue of whether Plaintiff Kinsale Insurance

Company ("Plaintiff") has a duty to defend or indemnify Defendant Trucking & Contracting

Services, LLC ("Defendant TCS") in an underlying proceeding in state court ("Leyva action"). Doc. 1 ¶ 3 (Complaint).

In the Leyva action, Defendant Leyva has sued Defendant TCS for injuries that he alleges were sustained in October 2021 while he was performing work for Defendant TSC. *Id.* ¶¶ 2, 13. According to the Leyva action's operative complaint, Defendant Leyva was at Mewbourne Oil Company's oil site "inspecting a generator and pressure washer" on behalf of Defendant TCS, in accordance with Defendant TCS's contract with Mewbourne. Doc. 21-1 ¶¶ 5–7 (Leyva's First Amended Complaint). While Defendant Leyva "inspected and operated the generator and pressure washer, the equipment ignited and exploded, causing severe burns to [Defendant Leyva's] left arm, chest, and torso." *Id.* ¶ 9. Following his hospitalization and skin graft surgeries, Defendant Leyva sued Defendant TCS and nonparty Bobcat Auto Services, LLC for negligence, negligent training and supervision, negligence per se, and res ipsa loquitur. *Id.* ¶¶ 14–47. Defendant Leyva seeks compensatory and punitive damages. *Id.* ¶ 50. Plaintiff has been defending Defendant TCS in the Leyva action as its insurer. Doc. 10 at 15 (Response).

In August 2025, Plaintiff filed a lawsuit in federal court seeking a declaration of the parties' rights under the primary and excess insurance policies. Doc. 1. According to Plaintiff, coverage for Defendant Leyva's claims is excluded because Defendant Leyva was injured "while Gamboa was refueling a pressure washer while performing work for TCS at Mewbourne's site, not while he was performing an inspection." *Id.* ¶¶ 20–26. Although there is a factual dispute over whether Defendant Leyva was working as an employee or independent contractor, Plaintiff states that the outcome will be the same regardless of the Leyva action's resolution because the policies exclude bodily injury suits arising from employment or independent contractor work. *Id.* ¶¶ 21, 26, 39, 46.

2

Plaintiff also alleges that coverage is excluded to the extent that Defendant Leyva seeks recovery under his workers' compensation-related claim. *Id.* ¶ 41.

In response to the Complaint, Defendant Leyva filed a Motion to Dismiss. Doc. 6. He asserts that the Court does not have subject-matter jurisdiction over the declaratory action because the parties are not diverse. *Id.* ¶ 1. Alternatively, he contends that the Court should abstain from or stay the case until the Leyva action is resolved. *Id.* ¶ 24. Plaintiff opposes the Motion and argues that the parties are diverse and that the Court should exercise its jurisdiction. Doc. 10 at 1.

Defendant TCS did not file an answer to the Complaint or response to the Motion in this case, and Plaintiff motioned for default. Doc. 14. The Clerk entered default as to Defendant TCS in October 2025. Doc. 15.

In February 2026, the Court ordered the parties to file supplemental briefing on the issue of ripeness as to the duty to indemnify and inform the Court as to whether the state court accepted an amended complaint. Doc. 20. Defendant Leyva notified the Court that the state court granted his motion for leave to amend his complaint and filed his First Amended Complaint in the Leyva action. Doc. 21-1.  Leyva's First Amended Complaint added Bobcat Auto Services, LLC as a defendant to the Leyva action and updated the facts to "conform the pleadings to evidence." *See* Doc. 10-1 ¶ 19, 28 (Motion for Leave to File First Amended Complaint in Leyva Action).

## DISCUSSION

According to Defendant Leyva, the Court lacks subject-matter jurisdiction over Plaintiff's claims because the parties are not completely diverse and the action is unripe. Doc. 6 ¶ 1. Alternatively, Defendant Leyva asks the Court to abstain from the action because it involves the same factual and legal issues as the underlying proceedings. *Id.* ¶ 26. In response, Plaintiff contends that the parties meet the diversity requirements under 28 U.S.C. § 1332, the duty-to

indemnify issue is ripe, and the *Mhoon* factors weigh in favor of the Court retaining jurisdiction over the matter.[1] Doc. 10.

For the reasons set forth below, the Court agrees with Plaintiff; the diversity requirements of § 1332 are met, the duty-to-indemnify claim is sufficiently ripe, and the *Mhoon* factors favor exercising jurisdiction under the Declaratory Judgment Act.

## I.      **The parties are completely diverse.**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a presumption against jurisdiction, and the party invoking jurisdiction bears the burden of showing that jurisdiction exists.  *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction under § 1332 requires: (i) complete diversity between the adverse parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

---

[1] Plaintiff also mentions that the Court could deny the motion because Defendant Leyva failed to meet and confer in compliance with D.N.M.LR-Civ. 7.1(a). Doc. 10 at 1. The Cout declines to do so. Although Defendant Leyva failed to confer prior to filing this Motion, he states that he has tried to resolve the issues "informally and through the normal course of state litigation." Doc. 13 ¶ 2. More importantly, Plaintiff has not identified any prejudice for Defendant Leyva's failure to confer on the Motion or interference with the Court's administration of this matter. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). That said, the Court does not condone failure to comply with local rules and instructs Defendant Leyva to adhere to Local Rule 7.1 on any subsequent motion or run the risk of it being summarily denied. *See Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (stating that local rules "have the force and effect of law, and are binding upon the parties and the court which promulgated them" (quoting *Woods Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir. 1964))).

The sole issue is whether Plaintiff shares citizenship with either Defendant.[2] Plaintiff, a foreign corporation, alleges that it is organized in the state of Arkansas and has its principal place of business in the state of Virginia. Doc. 1 ¶ 4.  Plaintiff alleges that, upon information and belief, Defendant TCS is a limited liability company, and its sole member is a citizen of the state of New Mexico. *Id.* ¶ 5. And Plaintiff alleges that, upon information and belief, Defendant Leyva is a "citizen of Mexico who, at all times relevant, was residing in the State of New Mexico." *Id.* ¶ 8. Defendant Leyva challenges the existence of complete diversity because he shares citizenship with Defendant TCS. Doc. 6 ¶ 1. Alternatively, Defendant Leyva argues that he is a stateless citizen, which also destroys the diversity requirement. *Id.*

Diversity of citizenship exists where the citizenship of all defendants is different from the citizenship of all plaintiffs. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).  Section 1332 does not require that defendants be of diverse citizenship to each other. This interpretation is consistent with the purpose of § 1332, which conferred jurisdiction on federal courts to provide a neutral forum for actions between in-state parties and out-of-state parties. *See* 13E *Wright & Miller's Federal Practice & Procedure* § 3601 (3d ed. 2025). ("[D]iversity jurisdiction provided an assurance of impartial administration of the law for the protection of out-of-staters, and thus assuaged fears that the rights guaranteed by the Constitution might not be available in the local courts."); *see also Caterpillar*, 519 U.S. at 68. Thus, in this case, diversity simply requires that Plaintiff be diverse from both Defendants.

Here, Plaintiff is a citizen of the states of Arkansas and Virginia. Generally, a corporation is a citizen of every state in which it has been incorporated and the state where it has its principal

---

[2] The parties do not dispute that the amount in controversy exceeds $75,000. *See* Doc. 1 ¶ 10; Doc. 6 ¶ 1.

place of business. *See* § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  Plaintiff alleges that it is a foreign corporation incorporated in Arkansas with its principal place of business in Virginia, Doc. 1 ¶ 4; Doc. 2 (Corporate Disclosure Statement), which Defendant Leyva does not challenge. Thus, as long as neither Defendant TCS nor Defendant Leyva is a citizen of Arkansas or Virginia, complete diversity exists.

Next, the Complaint alleges that Defendant TCS, a limited liability company, is a citizen of New Mexico. Unlike a corporation, a limited liability corporation is a citizen of every state in which any of its members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015). The parties do not dispute that Defendant TCS's sole member is domiciled in New Mexico.[3] Thus, Defendant TCS is a citizen of New Mexico, and the remaining issue is whether Defendant Leyva is diverse from Plaintiff.

Defendant Leyva does not challenge the existence of diversity because he shares citizenship with Plaintiff in Arkansas or Virginia. Instead, he argues that diversity is not present because he is a citizen of New Mexico and defendants cannot share citizenship or, alternatively, that he is "stateless" since he is a Mexican citizen. Doc. 6 ¶¶ 1, 10.

Defendant's position relies on a mistaken understanding of diversity jurisdiction and how foreign citizenship is considered for diversity purposes. Again, the shared citizenship of the Defendants would not destroy diversity. Furthermore, Defendant is unlikely to be a citizen of a state because the parties agree that he is a Mexican citizen. Generally, an individual person is a citizen of the state in which he is domiciled. *Smith v. Cummings*, 445 F.3d 1254, 1260–61 (10th

---

[3] Defendant TCS has not entered an appearance in this declaratory action, and a default as to Defendant TCS was entered in October 2025. Doc. 15.

Cir. 2006). But this rule only applies to U.S. citizens. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."). Accordingly, Defendant Leyva's foreign citizenship makes him a "citizen or subject of a foreign state" under § 1332(a)(2)–(3), even if he has permanent residency status. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124 (2d Cir. 2020) (per curiam) (concluding that foreign citizens with permanent residence in the United States are not treated as "citizens of a State" under § 1332); *Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 849 (11th Cir. 2022) (per curiam) (same). And since Defendant Leyva does not assert that he is a U.S. citizen residing in a foreign country, he cannot be a stateless citizen. *See Newman-Greene*, 490 U.S. at 828. Thus, it appears that diversity is present under § 1332(a)(3) as Plaintiff and Defendant TCS are citizens of different states, and Defendant Leyva is a citizen of a foreign state.

Because Defendant Leyva's arguments do not challenge the jurisdictional facts,[4] the Court does not find that additional fact-finding is necessary. *See Friend*, 559 U.S. at 96–97; *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).  Accordingly, the Court is currently satisfied that diversity jurisdiction exists.

## II.     There is a justiciable controversy between the parties as to Plaintiff's duty-to-indemnify claim.

Next, Defendant Leyva contends that Plaintiff's duty-to-indemnify claim is unripe.[5] Doc. 13 ¶ 5 (Reply). The argument was raised for the first time in his Reply, and the Court ordered

---

[4] Further, the inclusion of Bobcat Auto as a defendant in the Leyva action, Doc. 6 ¶ 21, has no impact on the Court's diversity analysis since it is not a party in this declaratory action.

[5] Defendant Leyva also argues that the issue is unripe because he anticipates amending the state complaint to include another defendant, Bobcat Auto, LLC. Doc. ¶ 26. But, after filing the Motion,

supplemental briefing on the issue of ripeness as to the duty to indemnify. Doc. 20. In its response to the order, Plaintiff argues that "[b]ecause the duty to defend can be determined without the need for any factual determinations in the underlying litigation, and the duty to indemnify cannot exist in the absence of the duty to defend, both issues are currently ripe for judicial determination." Doc. 22 at 5. Defendant Leyva disagrees, arguing that Plaintiff misstates New Mexico law, which requires that the Court treat the duty to indemnify separately from the duty to defend. Doc. 23 ¶ 3. According to Defendant Leyva, the duty-to-indemnify issue is unripe because the duty to indemnify requires a resolution of the disputed facts in the Leyva action. Doc. 23 ¶ 4. For the reasons below, the Court finds that the duty-to-indemnify issue is sufficiently ripe for adjudication.

The Declaratory Judgment Act vests federal courts with the power and competence to issue a declaration of rights. 28 U.S.C. § 2201. Specifically, the Act provides that a federal court with jurisdiction "may declare the rights and other legal relations of any party" seeking a declaration, even if further relief is being sought. *Id.* § 2201(a). As a threshold matter, the Act requires "case of actual controversy within its jurisdiction." *Id.* A case of "actual controversy" are those cases and controversies "'that are justiciable under Article III' of the United States Constitution." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Article III forbids courts from giving advisory opinions. *Id.* (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). The controversy adjudicated must be real and substantial, not hypothetical. *See Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273–74 (10th Cir. 1989); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937). To determine whether an issue is ripe, courts

---

Defendant Leyva submitted his First Amended Complaint in the Leyva action. Doc. 21. Accordingly, the Court will not consider this argument as it is moot.

evaluate "the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (quoting *Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir. 1990)). When determining fitness, the central focus is whether "the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting 13A *Wright & Miller's Federal Practice & Procedure* § 3532 (1969)). And in assessing hardship, courts typically consider "whether the challenged action creates a 'direct and immediate' dilemma for the parties.'" *Id.* (quoting *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 495 (1st Cir. 1992)). The party seeking a declaratory judgment bears the burden of demonstrating that an actual controversy exists. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

Both parties claim that New Mexico law dictates that the Court should rule in their favor. In New Mexico, "the duty to defend is distinct from the duty to indemnify, and resolution of whether a party has a duty to defend does not necessarily depend on there being a duty to indemnify." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 31, 146 N.M. 717, 213 P.3d 1146 (citation modified); *see also Knowles v. United Servs. Auto. Ass'n*, 1992-NMSC-030, ¶ 4, 113 N.M. 703, 832 P.2d 394. The duty to defend "arises out of the nature of the allegations in the complaint." *Bernalillo Cnty. Deputy Sheriffs Ass'n v. Cnty. of Bernalillo*, 1992-NMSC-065, ¶ 4, 114 N.M. 695, 845 P.2d 789. Meanwhile, the duty to indemnify relies on the "actual underlying facts," which often requires the resolution of material facts. *See BPLW Architects & Eng'rs*, 2009-NMCA-081, ¶ 31.

"If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required." *Bernalillo Cnty. Deputy Sheriffs Ass'n*, 1992-NMSC-065, ¶ 8 (no duty to indemnify when alleged acts occurred after policy expiration); *N.M. Physicians Mut.*

*Liab. Co. v. LaMure*, 1993-NMSC-048, ¶ 27, 116 N.M. 92, 860 P.2d 734 (no duty to indemnify for acts of sexual assault under malpractice policies covering professional services and excluding criminal acts).

Accordingly, a duty-to-indemnify claim may be ripe for adjudication before the underlying proceedings are resolved. *See, e.g.*, *id.* ¶¶ 14–15 (affirming summary judgment decision when no issue of material fact and policy did not apply); *BPLW Architects & Eng'rs*, 2009-NMCA-081, ¶ 31 (duty to indemnify was not properly before court because coverage depended on resolution of material facts); *Foremost Ins. Co. Grand Rapids, Mich. v. Rabadi*, No. 1:18-cv-00714-WJ-LF, 2019 WL 2766910, at \*3 (D.N.M. July 2, 2019) (no duty to defend or indemnify because allegations and undisputed facts fell outside scope of policy).

According to Plaintiff, the case is ripe because the duty coverage issues may be determined "independent of any ultimate factual determinations" in the Leyva action. Doc. 22 at 4. The Court ultimately agrees. On one hand, the Court disagrees that a no duty-to-defend determination necessarily means that there is also no duty to indemnify since New Mexico law treats these duties as independent and distinct. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 985 (10th Cir. 1994). Further, district courts, including this Court, have dismissed duty-to-indemnify claims as unripe before a liability determination. *See Bd. of Cnty. of Comm'rs of Cnty. of Bernalillo v. Centurion Det. Health Servs., LLC*, No. 1:23-cv-01103-KWR-KK, 2024 WL 3890422, at \*5 (D.N.M. Aug. 21, 2024). But on the other hand, as Plaintiff correctly points out, the duty-to-indemnify issue may be properly decided should the allegations in Leyva's First Amended Complaint clearly fall outside the provisions of the policies. *See Bernalillo Cnty. Deputy Sheriffs Ass'n*, 1992-NMSC-065, ¶ 8; *see also Berkley Nat'l Ins. Co. v. Aidcare Trans, LLC*, No. 1:24-cv-00643-KWR-GBW, 2024 WL 4766225, at \*7 (D.N.M. Nov. 13, 2024). And the Court agrees that,

10

should this be the case, the Court may reach a finding on both the duty to defend and the duty to indemnify before the resolution of the Leyva action. *See Mhoon*, 31 F.3d at 984.

According to Defendant Leyva, the existence of factual disputes in the Leyva action precludes a duty-to-indemnify determination. Further, Defendant Leyva contends that the issue is unripe because Leyva's First Amended Complaint complicates, rather than simplifies, the Court's decision. The Court disagrees. Plaintiff alleges that the policy exclusions would preclude coverage for both employees and independent contractors, as well as workers' compensation-related claims. Thus, the disputed material facts in the Leyva action—whether "Levy was at the site in service of" Defendant TCS, whether a workers' compensation claim should have been filed on his behalf, and whether Defendant TCS and Bobcat Auto owed certain duties "with respect to employees, contractors, or workers compensated by [TCS and Bobcat Auto], including [Leyva]," Doc. 23 at 5—are unrelated to the insurance coverage issues in the instant action. Further, the alleged actions of nonparty Bobcat Auto and the relationship between Defendant TCS and Bobcat Auto are immaterial to the question of whether Plaintiff has a duty to defend or indemnify Defendant TCS in the Leyva action.

Thus, the Court agrees with Plaintiff. Since the policy provisions may preclude coverage regardless of outcome of the employee/independent contractor and workers' compensation disputes, the unresolved factual issues in the Leyva action appear to have no bearing on the contract interpretation issues in the declaratory action. The Court finds that Plaintiff's duty-to-indemnify claim is sufficiently fit for adjudication at this stage of the litigation. Should the Court find that the allegations clearly fall outside the scope of the policies, the Court may issue a ruling on whether Plaintiff has a duty to indemnify. Thus, the Court will not dismiss Plaintiff's duty-to-indemnify claim for lack of ripeness.

### III. The *Mhoon* factors favor exercising jurisdiction over Plaintiff's duty-to-defend and duty-to-indemnify claims.

Finally, the Court will consider Defendant Leyva's request for the Court to abstain from the declaratory action.

The question of whether a district court's declaratory power should be exercised in a particular case is vested in the sound discretion of the court. *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). It is common for an insurer to seek declaratory judgment "against their insureds to determine the extent of coverage. Frequently such suits are filed as stand-alone actions rather than cross-claims." *Gallegos v. Nev. Gen. Ins. Co.*, 2011-NMCA-004, ¶ 7, 149 N.M. 364, 248 P.3d 912.

The discretionary standard under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), governs a district court's decision to stay a declaratory judgment during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002). District courts need not always exercise their jurisdiction under the Act, as "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 494. A court must consider whether the questions in controversy between the parties to this federal lawsuit "can better be settled in the proceeding pending in the state court." *Id.*

In deciding whether to entertain a declaratory judgment action, a district court may consider various factors, including:

(1) whether a declaratory action would settle the controversy;

(2) whether it would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";

(4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Runyon*, 53 F.3d at 1169 (citing *Mhoon*, 31 F.3d at 983) (the "*Mhoon* factors"). No one factor is dispositive. *City of Las Cruces*, 289 F.3d at 1183.

Plaintiff asserts that the Court should exercise jurisdiction over this declaratory action, as the issues in this case are discrete and not issues in the Leyva action. As explained below, the Court concludes that the *Mhoon* factors favor exercising jurisdiction in this case.

### A.    The First and Second *Mhoon* Factors.

The first two factors are (1) whether a declaratory action would settle the controversy and (2) whether it would serve a useful purpose in clarifying the legal relations at issue. Here, the Court finds that the first and second *Mhoon* factors favor exercising jurisdiction, particularly as to the duty-to-defend claim.

"[T]he likelihood a declaratory judgment will resolve the immediate dispute between the parties may tip the scales in favor of exercising jurisdiction[,] . . . [while] the existence of outstanding claims in a parallel state court action may counsel a different conclusion." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012). "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (quoting

*Kunkel*, 866 F.2d at 1276). "However, jurisdiction should not be refused merely because another remedy is available. Rather, the court must decide whether the controversy can better be settled in a pending action, i.e., whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose. Relevant considerations include the scope of the pending action, the nature of the available defenses in the action, whether all parties' claims can satisfactorily be adjudicated in that proceeding, and whether necessary parties have been joined." *Id.* (citation modified).

Defendant Leyva asserts that the instant declaratory action would not settle the controversy because only the Leyva action can resolve the issues of negligence and causation. Doc. 13 at 3. As to the second factor, he contends that the action would not clarify any legal relations since "TCS and Bobcat Auto's relationship and liability are fact-bound and unresolved." *Id.* at 4.

Meanwhile, Plaintiff argues that the Court should exercise jurisdiction for several reasons. First, Plaintiff represents that the Leyva action does not involve the same legal issues or parties. Doc. 10 at 3. Plaintiff states that the Leyva action's primary focus is to determine whether Defendant TCS is liable to Defendant Leyva under theories of negligence, whereas this declaratory action concerns the separate issue of insurance coverage. *Id.* at 10. Plaintiff also represents that this case involves a discrete issue which is not at issue in the underlying state proceeding. *Id.* Specifically, the coverage issue in this case concerns whether certain policy exclusions would bar insurance coverage. *Id.* at 12; *see also Kunkel*, 866 F.2d at 1276 ("Nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues."). Further, Plaintiff asserts that the Leyva action does not have all the necessary parties since Plaintiff is not a named party in the Leyva action. Doc. 10 at 11.

14

Moreover, Plaintiff highlights there are no factual issues in the Leyva action which would bear on the resolution of the coverage issue in this case. *Id.* at 12; *see also Kunkel*, 866 F.2d at 1276 ("A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."). Little to no factual discovery would be required to decide the issues. Doc. 10 at 12.

Plaintiff further explains that, even if it was added as a party to the Leyva action, it would be unable to practicably raise the duty-to-defend claim. *Id.* at 12–13. Under New Mexico law, any trial would have to be bifurcated or severed, and Plaintiff would be prejudiced because any coverage issue would not be resolved until after a trial on the negligence claims and joint liability was held—all while Plaintiff continued to defend Defendant TCS. *Id.* at 13–14. Plaintiff asserts that bifurcation would defeat the purpose of the coverage litigation, and it would have to provide a defense for the negligence trial, mooting out its claim that it has no duty to defend. *Id.* at 14 n.3.

Finally, Plaintiff contends that the declaratory action would settle the controversy of whether there is coverage for the Leyva action under the policies. *Id.* at 15. If the Court determines that the exclusions would preclude coverage, then Defendant TCS would no longer be entitled to a defense or indemnification in the Leyva action. *Id.* If the exclusions do not apply, then the coverage issue will still be resolved. *Id.* This determination would be made without the need to consider factual issues in the Leyva action. *Id.*

Having considered Defendant Leyva's and Plaintiff's arguments, the Court concludes that the first and second *Mhoon* factors weigh in favor of exercising jurisdiction. The Court finds that Defendant's perspective does not accurately encompass the scope of the declaratory action. This declaratory action does not present any of the same legal issues as the Leyva action. Plaintiff is not a party in the Leyva action, and inclusion of Plaintiff in the Leyva action would unduly delay

a duty-to-defend determination. There is also little doubt that a declaratory judgment would settle the only controversy at issue here: Defendant TCS's insurance coverage in the Leyva action. *See Farm Bureau Prop. & Cas. Ins. Co. v. Gomez*, No. 2:21-cv-527-BRB-GJF, 2021 WL 4521061, at *4 (D.N.M. Oct. 4, 2021) (Baldock, J., sitting by designation). Further, the factual determinations by the state court would not impact Plaintiff's duty to defend or indemnify Defendant TCS because, according to Plaintiff, either the employee or independent contractor exclusion would preclude coverage. And, finally, a ruling in this case would serve a useful purpose in clarifying the legal relations because the Court would determine whether Plaintiff must continue to defend or ultimately indemnify Defendant TCS.

### B.    The Third *Mhoon* Factor.

The third factor concerns whether the declaratory remedy is being used for the purpose of procedural fencing or to provide an arena for a race to res judicata.

Defendant Leyva accuses Plaintiff of using this action, filed while the Leyva action is pending, as procedural fencing to "preempt the state forum" and forum shop. Doc. 13 at 4. Plaintiff disagrees, asserting that it seeks to timely resolve the coverage issues in an appropriate forum. *Id.* at 16. It is not a party in the Leyva action and could not raise the issue there. *Id.* Further, Plaintiff rejects Defendant Leyva's argument that it is using the remedy for procedural gamesmanship and asserts that Defendant Leyva is, in fact, using procedural gamesmanship by claiming statelessness for the first time to destroy diversity. *Id.*

The Court finds that this case does not show an indicium of procedural fencing or a race to res judicata. As discussed above, Plaintiff could not initially raise this issue in the Leyva action and joining the action to raise it now would prejudice Plaintiff because the state court would not determine the coverage issue until after Plaintiff was forced to defend Defendant TCS. The Leyva

16

action involves a dispute involving Defendant Leyva, Defendant TCS, and nonparty Bobcat Auto. There is not a parallel state proceeding. *See Gomez*, 2021 WL 4521061, at *5. The Court also sees no issue with the timing of the instant action, filed in an available forum. *See Mhoon*, 31 F.3d at 984. Therefore, this factor weighs in favor of exercising jurisdiction.

### C.    The Fourth and Fifth *Mhoon* Factors.

The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction and whether there is an alternative remedy which is better or more effective.

As to the fourth *Mhoon* factor, Defendant Leyva once again maintains that this declaratory action and the Leyva action are parallel proceedings. Doc. 13 at 5. Thus, exercising jurisdiction would "duplicate factual determinations and invite inconsistent results." *Id.* Plaintiff disagrees, underscoring that the pending negligence and liability matters in the Leyva action are factually and legally different from the coverage matter to be decided by this Court. Doc. 10 at 18. Further, Plaintiff asserts this Court may decide the coverage matter by referencing the Leyva action's complaint and the policies. Finally, Plaintiff also argues that there can be no friction because Plaintiff is not a party in the Leyva action. *Id.*

Here, the Court does not find that the pending Leyva action warrants abstention. Again, these are not parallel proceedings. The issues in the Leyva action (alleged negligence and liability by Defendant TCS and Bobcat Auto) are different from the issues in this declaratory action (insured Defendant TCS's coverage by insurer Plaintiff). And the Court disagrees that it would have to "assume facts not yet established in the state tort case." Doc. 13 ¶ 5.

As to the workers' compensation exclusion issue, it falls within a "purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other

factual issues." *See Kunkel*, 866 F.2d at 1276. As to the employee exclusion issue, it appears that the Court may decide the issue by simply comparing the allegations in Leyva's First Amended Complaint to the policies' language. If any independent factual finding is required, it would be limited to determining whether the policies' provisions would exclude Defendant Leyva's inspection and operation of the equipment. This factual determination would not be considered "gratuitous interference." *See Mhoon*, 31 F.3d at 984–85 (district court did not unduly interfere with state proceeding by independently determining coverage issue when it examined record to determine whether insured's conduct was accidental). Similarly, as to the independent contractor exclusion, the Court would only need to inquire whether the coverage requirements in the policy were met.

Again, in this declaratory action, the Court would not determine whether Defendant Leyva was working as an employee or independent contractor. And the Court would not determine whether Defendant TCS and Bobcat Auto were negligent or jointly and severally liable. It would simply determine whether coverage would be excluded if Defendant Leyva was working as an employee, whether coverage would be excluded if Defendant Leyva was working as a contractor, and whether coverage would be excluded for Defendant Leyva's workers' compensation-related claim. Accordingly, exercising jurisdiction would not cause friction between state and federal courts.

As to the fifth *Mhoon* factor, Defendant Leyva argues that "the New Mexico court can fully adjudicate all factual and legal issues once liability is established." Doc. 13 at 5. Plaintiff states that, if the Court declines jurisdiction, it would be denied a "plain, adequate, and speedy remedy" because it must wait for the unrelated claims to be resolved in the Leyva action before receiving a duty-to-defend determination—all while providing a defense to Defendant TCS. Doc. 10 at 19.

18

According to Plaintiff, such delay would defeat the purpose of this action since the Court can decide the matter by applying Leyva's operative complaint to the policy language. *Id.* As already noted, this case and the Leyva action are not parallel proceedings. Therefore, because Plaintiff's declaratory action is markedly different from the Leyva action, the Court concludes that that the fifth factor also weighs in favor of exercising jurisdiction.

Accordingly, the Court concludes that each of the five *Mhoon* factors weighs in favor of exercising jurisdiction. The Court further concludes that dismissal of the proceedings is not appropriate at this time. This decision does not preclude the Court from considering a renewed motion to dismiss or a motion to stay if the facts and circumstances later warrant such consideration.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 6) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE